Why are you here? Okay. Okay. Show me the... Can you see the tissue? Okay. Okay, the next case on our docket for argument is A.S. versus Carlin Major and repellent Nadia Dabak Dabak? Dabak. How do you pronounce that again? Dabak. Dabak. Okay, thank you. Please proceed but if you'd like to make a rebuttal argument try to stop before your rule of 15 minutes is up. Thank you, Your Honor. I would like to reserve four to five minutes for rebuttal but I'll try to keep an eye on my clock. How much time? Four to five. Okay, watch your own time but I'll try to remind you if you forget. Okay, thank you, Your Honor. Good morning, Your Honors. May it please the Court, Nadia Dahab for Plaintiff's Appellants. Your Honors, this is a civil rights case arising out of abuse that the juvenile plaintiff suffered while they were in foster care in the care and custody of the State of Oregon. The magistrate judge refused to conduct an in-camera inspection of certain documents that defendants in the case had withheld under a claim of privilege in which plaintiffs urged were not privileged under, among other things, the crime fraud exception to the privilege. The District Court judge adopted the magistrate's judge's ruling. The questions before this Court, of course, are two-fold. The first is whether the District Court's order is appealable, is an appealable interlocutory order under the Cohen Doctrine. And the second is whether the District Court, by adopting the magistrate judge's analysis, abused its discretion in declining to conduct the in-camera inspection. Counsel, I have difficulty getting past the first question. I'll just be frank about that. I'm stuck on the third prong, which is whether this question would be unreviewable on appeal from a final judgment. It's possible that your clients will win with the information they now have, in which case no harm, no foul. And if they were to lose, this, it seems to me, could be an issue for appeal at that time. What's wrong with that thinking? I think, Your Honor, thank you, and I think that third prong of the Cohen analysis is where the parties also disagree. I think the problems that we have with the idea that this order can be meaningfully reviewable on appeal are a couple-fold. First, the order forecloses discovery altogether and forecloses discovery of information withheld under a claim of privilege. So nobody gets to see that information. And in this case, and I realize that this analysis is not a case-by-case analysis, but in this case, we have information that even on appeal, because the information goes to potential additional claims and potential additional parties, and frankly goes to whether the parties in the communication and the Oregon Department of Justice and DHS itself were withholding information about claims of abuse as to these kids, there could exist separate claims against separate parties arising out of these communications that will never be discovered, even if plaintiffs win on their existing underlying claims. But why would that be? I mean, if you appeal later and our court later says you do deserve in-camera review, and then the in-camera review says this isn't privileged, and you get the documents, you'll learn who those people are, and why, and if you need to amend or something at that point, you could say, well, we didn't have the discovery, so now we need to amend. Why can't you do that later? The problem with doing that later is the timeliness of the information. Discovering the identity of potential additional parties many years down the road, when statutory limitations may have run, or evidence may have dissipated, or knowledge may no longer exist in opponents' minds, then I think you run a real risk of not being able to, even on remand, if a direct appeal is favorable to the plaintiffs, being able to discover that information, and if you can discover it, being able to pursue the claims, which may no longer be timely. But isn't that all? I mean, so usually discovery orders aren't immediately appealable, and what you just said seems like someone could say that in every case, right? Fair enough. I think, one, you know, the fact that this information has been withheld under a claim of privilege is particularly unique. And where no one has seen the documents, even the district court. There's no judicial determination, even under an in-camera review, about the nature of these documents and whether there is an exception that applies. In other circumstances where you're withholding discovery on other bases, relevance or burden, etc., I don't think you have that dearth of information about the documents themselves. And all of the information is available on appeal and could be reviewable on a direct appeal. This situation feels a little bit different, where you're withholding documents under a claim of privilege. Nobody's seen the documents. But if you don't produce them, I'm not sure I understand the difference. Why would you know more? I mean, if you're not producing them, you're not producing them. So why would you know more in the other kinds of ways of withholding? Well, I suppose I mean, I think you could know more about the contents of the documents themselves if an order denying discovery is, for example, on the basis of relevance. But the appellate court would know either way. Presumably the appeal would be able to determine whether these should be reviewed and then they'll be reviewed. I guess I'm having difficulty I'm having particular difficulty with your comment that even if you win, you might not get money from all the people that might be liable. But I'm not sure why that makes this immediately appealable. This is information, Your Honor, that goes to potential additional claims and potential additional parties. But what your clients want bluntly at this point is money, right? Yes. So if they win, and they are compensated for their damages, the fact that there may have been someone else out there who might have had to share in the payments is lucky for them, but it's not really harm to your clients. So I have some trouble seeing how that matters, that there might have been somebody else also who would have to have contributed to the damages. Not only someone else, but someone else who is charged with the care and custody of these children. You could, again, say that in almost every case where there's discovery withheld and the issue is compensation is damages rather than injunction. You've sued three tort feasers, and you'd love to know if there's a fourth one out there, but if you get compensated, you get compensated. Presumably, they've all done something wrong or they wouldn't be paying damages. The case is not resolved, so nobody's paying damages. No, I understand that, but you argued that you would be harmed even if you won the case, and that's what I'm having difficulty with. And I guess maybe where that's troubling to me, Your Honor, is the fact that the claims may be pursued and may prevail against parties, against different parties. One doesn't foreclose claims altogether. That can't be sufficient to say, well, these potential claims and information giving rise to those potential claims aren't necessarily, or the plaintiffs aren't entitled to that information. The claims against, if they prevail against the other tortfeasors may not be collectible, or they may not prevail. There may be a lot of reasons why those claims, even if they move forward and even if plaintiffs prevail, may not be sufficient to compensate these kids for the severe harm that they suffered. Meanwhile, the kids have lost claims because the discovery is no longer available against tortfeasors who had the custody of these children. And I know I keep going back to this. I'm confused. It sounds today like you kind of know who these people are, but I couldn't tell that from your briefs. It seemed a little speculative. You're like, maybe if we get these documents, then maybe there are more people. I'm a little unclear why it's not possible in depositions, for example, to ask who was involved or something and find out if there are other people. Why is this the only way to figure out if there are other people? Or do you actually already know there are other people? I'm not quite sure what's going on here. Sure, yeah. Fair enough. In the underlying case, depositions have been taken. The plaintiffs have been entitled to and have conducted substantial discovery, including of, in this particular case, Libe, who was the caseworker overseeing these cases. And there's evidence below that the children involved in these cases were subject to significant abuse and that DHS and DOJ were very much aware of that abuse and in two circumstances approved the abuse reports for investigation, but in all circumstances didn't report that information to the juvenile court pursuant to its obligations to do so. The potential additional tort fees are the attorneys involved in the case below and the attorneys that were communicating with the caseworker and we haven't seen the communications, so I can only speculate what those may have been, but may have advised the caseworker or in whatever respect informed the caseworker not to tell the juvenile court of the facts of those abuses. So are you aware of any case that says if an attorney gives bad advice, the advice is not subject to the attorney- client privilege? No, I'm not. And are you aware of any case in which discovery on that ground has been denied as opposed to granted and the collateral order doctrine has permitted an appeal to go forward? I am not. I am not. I will just clarify that I don't think we're arguing that this attorney gave bad advice. We're arguing and I think provided a sufficient factual basis below to say that this information is not, you know, regardless of what the advice was, it's not privileged because there was some fraud on the court, there was some crime fraud exception that applied to make it no longer privileged. And that's what the discovery that the plaintiffs are trying to get in the district court and that has been foreclosed below and that's the discovery that helps to identify additional claims and additional parties that they could proceed with in the district court where this discovery allowed. And if the documents exist and you could show in a future appeal if you lose, you can get them. Is there any reason to think these attorneys are going to disappear or like the documents if they show crime fraud, the documents are going to be there, right? I'm still not sure why you couldn't show this later. Well, the primary attorney involved in the underlying juvenile proceeding is now deceased so there's no deposition to be taken of her. And presumably no claim against her anymore either. I think there is a claim against the Department of Justice and potentially if it's an individual claim against her estate, I think that could in theory proceed if the information became available. Judge Finley, I'm not sure if I fully answered your question. It seems like you probably could proceed against her estate. So I'm still not sure why if you find these documents a year from now, there's any difference about getting them now versus getting them then. I guess I don't know that the claims would be timely if and when we get the documents. I think that's the problem with foreclosing discovery now with respect to potential new claims and new parties. And you don't think there would be some sort of tolling if it turns out later our court later down the road were to find you were deprived of all this discovery, it actually shows all these other claims, now it's too late? That seems like... I don't know the answer to that question, Your Honor. I don't think so, but I'm not sure whether some equitable... But that's the core of what you're worried about. You're worried about the statute of limitations running in the meantime. Of losing the claims, yeah. Of losing the claims entirely. I'd like to reserve a couple minutes for my rebuttal unless the Court has further questions now. I don't. Thank you. May it please the Court, Nonia Poe representing dependent appellees in this case. This Court can and should resolve this issue on the appealability issue and find that the class of orders at issue in this case don't qualify for immediate appellate review under the collateral order doctrine. Counsel, I'd like to ask you a question about the last topic that was just raised with opposing counsel. Let's assume for the sake of this question that we were to hold that an appeal is premature and let's further assume that the plaintiffs don't prevail and they appeal and the Court holds that they should have received this information, that it wasn't privileged and that they should receive it. In your view, would a claim, a new claim, based on those documents be timely? Would your client be that that should be dismissed for untimeliness or would you concede that that would be proper as equitably told or told for some other reason? Like my opposing counsel, I'm not sure about the answer to that question. I imagine that there would be some equitable tolling available as far as to the extent that they would not have reasonably had a reason to know that this person or a reasonable basis to bring a claim against this person at any earlier time. But with the caveat that I'm not sure of the answer to the question. So you can't represent that the State would not make that argument later? I cannot represent that, no. However, when you're dealing with the collateral order doctrine, you're not looking at the specific circumstances of this particular case. You're looking at the class of orders. The class of orders here is a denial to perform in-camera review of documents claimed to be privileged. If the reason that there's a potential for lost information or missed information that might be helpful to a litigant's case, if that is sufficient to qualify for immediate appellate review, that would extend to any discovery order that either denies or limits discovery in a case. A plaintiff could always or a litigant could always claim that they may be missing out on some information that could be sufficient to satisfy the collateral order doctrine. Is there a difference between an order that determines that documents are in fact privileged after they are reviewed and an order such as this one in which the court declines even to read the documents, I gather, because there are a lot of them? I couldn't find a case where there was a refusal to conduct an in-camera review. I found that a very unusual ruling. It's different in certain aspects, but the analysis that's applied when determining whether to conduct the in-camera review does at its first step involve a determination of whether there's been a prima facie showing that privilege does apply and then the facts that the opposing litigant has offered to support some basis that there may be something in there that indicates that privilege does not apply. At the end of the day, it's a discretionary determination by the district court and in this case, the court not only found that as a legal matter the plaintiffs had failed to make the sufficient factual showing, but also exercised this discretion based not only on the number of emails, but also on its determination that there was a low likelihood that there would be anything in there that would be unprivileged. How would it know that there's a low likelihood without looking at them? Do you understand how to explain that part of the reasoning? Yes, so the second step of the analysis is the plaintiffs had the opportunity to present facts that supported their suspicion that there may be some non-privileged information in there. The court looked at those facts. The facts were basically that the DHS caseworker may have known about the abuse at the time of the emails, and that she emailed her attorney a lot. Those were the only facts offered. And the district court in the final order explicitly found that those facts were insufficient to support a reasonable basis for believing that there was evidence of crime fraud or evidence that there was some kind of non-privileged information in those emails. ...  ... ... ... ... I guess in addition to that I'd just like to stress the admonition of the Supreme Court and this court that the Clutter Order Doctrine should be applied sparingly. It should be a narrow doctrine, and if the class of orders in this case were to be deemed to be immediately appealable, this would open up a significant class of orders that would suddenly be available for immediate appeal and does risk swallowing the general rule that parties are generally entitled to a single appeal at the end of the case. ... ... ... ... ... ... ... I think part of the premise of why things aren't immediately appealable is that they can be appealed later, but if later claims are going to be time-barred then they're not really appealable later. It's a big change in the meantime. So what do we do with that? Well, the Clutter Order Doctrine doesn't apply just because there's some risk that something may be lost. Digital Equipment Corp stands for that proposition. There may be an imperfect result at the end of an appeal after final judgment, but that doesn't mean that the importance of this issue rises to the level of justifying immediate appellate review. Again, you could say that with any discovery order virtually that denies or limits discovery and you know, admittedly in factual circumstances different than this case, but the Supreme Court and this case have repeatedly noted that discovery orders simply do not rise to the level of importance that necessitate immediate appellate review. Counsel, I have a question for you. Could you tell me from your perspective why is it that we have in the precedent a general rule against permitting discovery issues to be subject to collateral order appeal? My understanding is that it does rest on the third prong in most cases in which this issue comes up. These are the types of issues that can be reviewed at appeal at the end of the case. It bears mentioning that discovery issues are generally entrusted to the discretion of the district court and allowing virtually all of these discovery orders to be immediately appealable would not only interrupt the district court's functioning at the trial level but also burden this appellate court with intermediate discovery issues that can adequately be addressed at the end of the case. Thank you. Unless this court has any questions on the merits issue, I do believe that that has been adequately briefed in the party's briefs, but I am prepared to answer questions if you have any. I have no questions. We ask that you dismiss this appeal or alternatively affirm the district court's order. Thank you. Just briefly, Your Honors, if I may respond to a couple of points that opposing counsel made. I want to make clear that the appellants are not asking this court to hold that any denial of discovery is immediately appealable. As I explained before, we think that the basis of the denial, in this case, the claim of privilege and the refusal to conduct the in-camera inspection specifically, narrows this category of orders such that holding from this court would not open the doors to an immediate appeal of all discovery orders. We again think that the fact that they are privileged and the fact that the district court refused to conduct the in-camera inspection, notwithstanding in our view, facts sufficient to warrant it, makes an immediate appeal even more difficult because you don't have any judicial determination of what was in the documents and whether or not any particular exception to the privilege applies. If we were to agree with you, though, any time someone asserted privilege, then the other side could ask for in-camera review and if it was denied, it would get immediately appealed. There could be a lot of those, right? Is there any reason to cabinet further or basically every privilege assertion could now be immediately appealable? Privilege assertion with the denial of in-camera review. Right, but once you get the rule for you, everyone's going to ask for in-camera review, right? Why not? Because as soon as someone says privilege, you might as well ask for in-camera review at that point. Sure, and that may be the case. I think it's, we likewise couldn't find a case where the district court denied an in-camera inspection and I think that there are ways for a district court to conduct an in-camera inspection on facts sufficient. I mean, there's still a threshold that the proponents of the discovery have to meet to warrant the in-camera inspection. But there are ways that the district court, assuming for the moment that 148 emails is too burdensome for the district court, I think there are ways for a district court to undertake a limited in-camera review that is not burdensome that would satisfy the concerns here and would provide additional determination that would be reviewable on a final judgment and would provide insight into what's in those documents and whether there is information that form the basis of central claims in the case. And the last point, briefly, and I think this goes more to the merits than the jurisdictional question, is this idea of whether we provided facts sufficient to warrant that in-camera inspection below. I don't think it was the fact that the caseworker knew of the abuse and that she emailed her attorneys over and over that was the sole basis for the claim of the crime fraud exception, I think there were other there's reports of abuse from biological parents, there's knowledge of abuse from other deponents, and so there are other facts here I think, and a dearth of information that the caseworker provided to the juvenile courts about that abuse that forms the basis of the assertion that there may not be a privilege that applies here. But is there any reason to think the communications with the lawyers included that information that you're talking about other people knowing? I mean it sounds like you've got good information that the caseworker knew, but why do we assume that the caseworker talked to the lawyers about it? Well the, so well there's a lot of back and forth between the caseworker and the lawyer about all aspects of the children's placement in these homes, and attorneys, and we know at least from the privilege log that the attorney was reviewing reports that the juvenile, that the caseworker was making to the juvenile court. And there are other caseworkers who knew of the abuse and knew that it was sort of it was known to be happening by the caseworker. So I think all of that, and the fact that the attorney is reviewing the information and sort of the gatekeeper for what goes to the juvenile court and what doesn't is the facts that we have showing the basis for that exception. Unless the court has further questions we would ask the court of course to review to accept jurisdiction and reverse the district court's order. Thank you. Thank you counsel. That case shall now be submitted. I think the court at this time will take a brief recess for about 10 minutes.
judges: GRABER, GOULD, FRIEDLAND